http://www.va.gov/vetapp16/Files5/1639907.txt

Citation Nr: 1639907 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 13-06 960 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois

THE ISSUES

1. Entitlement to service connection for a right knee disability.

2. Entitlement to service connection for a left knee disability.

ATTORNEY FOR THE BOARD

M. Espinoza, Associate Counsel 

INTRODUCTION

The Veteran had active service from November 1954 to November 1958.

These matters come before the Board of Veterans' Appeals Board) on appeal from a July 2011 rating decision by the Department of Veterans Affairs VA) Regional Office (RO) in Cleveland, Ohio. Jurisdiction rests with the RO in Chicago, Illinois.

These matters were previously remanded by the Board in December 2014, May 2015 and December 2015. As discussed below, the Board finds that there not been substantial compliance with the December 2015 remand directives. Stegall v. West, 11 Vet. App. 268 (1998).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

REMAND

As noted above, the Board finds that the development requested in the December 2015 remand directive has not been fully completed. A remand by the Board confers on the Veteran, as a matter of law, the right to compliance with the remand orders. Stegall, 11 Vet. App. at 271. It imposes upon VA a concomitant duty to ensure compliance with the terms of the remand. Id. Thus, in the present case, additional development must be conducted. 

In pertinent part, in December 2015, the Board requested that a VA examination be afforded to the Veteran to address the etiology of the Veteran's left and right knee disabilities. Review of the resulting January 2016 VA knee and lower leg examination report reveals that the opinion provided is inadequate. Specifically, the January 2016 VA examiner found that although the Veteran had bilateral knee disability, there was no evidence that his military service was related to his current bilateral knee osteoarthritis, as the Veteran had no injury or complaints from the time of enlistment in 1954 to initial complaint and treatment in 2011, some 58 years after separation. The January 2016 VA examination report stated it was more likely that the Veteran's age, occupational history, genetic predisposition, and life itself, was the cause of his bilateral knee degenerative disease. However, during the January 2016 VA examination, the Veteran reported his knees began to hurt in 1959, but that he sought no treatment until 2012, as he can take pain. 

As noted in the December 2015 Board remand, the Veteran is competent to report on his symptoms and observations that he experienced through his senses such as knee pain. See Layno v. Brown, 6 Vet. App. 465, 470 (1994); Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). Thus, the January 2016 VA examiner did not reconcile the Veteran's report that his knee pain onset in 1959 and continued thereafter, but that he did not seek treatment as he has a high pain tolerance, with the finding that the Veteran did not experience any injury or complaints from the time of enlistment in 1954 and to initial complaint and treatment in 2011, some 58 years after separation from service. Thus, the January 2016 VA nexus opinion lacks probative value. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008).

Thus, for the reasons detailed above, the Board finds the January 2016 VA knee and lower leg examination report is inadequate. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). Therefore, in order to satisfy VA's duty to assist, the Board finds that a remand is warranted in order to obtain an adequate examination and medical opinion for the Veteran's right and left knee disabilities. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2015).

As the Veteran's claims are being remanded for further development, updated VA treatment records, from the Edward Hines, Jr. VA Hospital, to include all associated outpatient clinics, from November 2014 to the present, should be obtained. See 38 U.S.C.A. § 5103A (c); 38 C.F.R. § 3.159 (c)(2). See also Bell v. Derwinski, 2 Vet. App. 611, 613 (1992) (holding that documents which are generated by VA agents or employees are in constructive possession of VA, and as such, should be obtained and included in the record).

Accordingly, the case is REMANDED for the following actions:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain the Veteran's recent VA treatment records, from the from the Edward Hines, Jr. VA Hospital, to include all associated outpatient clinics, from November 2014 to the present, and associate these records with the claims folder. All attempts to obtain these records must be documented in the claims file. The Veteran must be notified of any inability to obtain the requested documents.

2. Thereafter, schedule the Veteran for a VA examination to determine the nature and etiology of any diagnosed right knee and/or left knee disability. All necessary tests and studies should be conducted. The entire claims file should be made available for review in conjunction with the examinations. 

The examiner is requested to provide an opinion as to whether it is at least as likely as not (50 percent probability or more) that any right knee and/or left knee disability (to include right and left knee osteoarthritis) were/was present in service, were/was caused by service, or are/is otherwise related to service. 

The VA examiner should reconcile any opinion with the Veteran's report that his bilateral knee pain onset in 1959 and continued thereafter, but that he did not seek treatment as he has a high pain tolerance.

The term "at least as likely as not" does not mean within the realm of possibility, but rather that the evidence both for and against a conclusion is so evenly divided that it is as sound to find in favor of conclusion as it is to find against it.

A complete rationale for all opinions expressed must be provided. 

3. The Veteran must be notified that it is his responsibility to report for any scheduled examinations and to cooperate in the development of the claims. The consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2015). 

4. Finally, readjudicate the issues on appeal. If any benefit sought is not granted, furnish the Veteran with a supplemental statement of the case and afford him an opportunity to respond before the record is returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
U. R. POWELL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).